IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| **RANDY D. JOHNSON,** ) | |
| ) | |
| ) | **CIVIL ACTION NO:** |
| **Plaintiff,** ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | |
| **SOUTHEASTERN COMPUTER** ) | |
| **CONSULTANTS, INC.** ) | |
| ) | |
| Serve:  Registered Agent ) | |
| Cogency Global Inc. ) | |
| 250 Browns Hill, Ct ) | |
| Midlothian, VA 23114-9510 ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## COMPLAINT

Plaintiff, Randy D. Johnson ("Johnson" or "Plaintiff"), by counsel, brings this action against Defendant Southeastern Computer Consultants, Inc. ("Southeastern" or "Defendant") for damages and alleges as follows:

### THE PARTIES

1. Plaintiff Johnson is a natural person, and at all times relevant hereto was, a citizen of the Commonwealth of Virginia, residing in the town of Virginia Beach, Virginia.

2. Defendant Southeastern is a Virginia corporation conducting business in the Commonwealth of Virginia.

### JURISDICTION AND VENUE

3. This court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5.

4.      Venue properly lies in this Court because the controversy involves Defendant's behavior at Plaintiff's place of employment, in the Eastern District of Virginia.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.      Prior to instituting this suit, Johnson timely filed an administrative claim with the Norfolk Office of the Equal Employment Opportunity Commission (EEOC) on November 12, 2019. A true and correct copy of the Charge of Discrimination is attached to this complaint and incorporated by reference as Exhibit "A". On January 27, 2020, Johnson filed an amended Charge of Discrimination. A true and correct copy of the Amended Charge of Discrimination is attached to this complaint and incorporated by reference as Exhibit "B".

6.      The EEOC failed to resolve the claim and issued a right-to-sue letter dated December 30, 2020. True and correct copies of the right-to-sue letter is attached to this complaint and incorporated by reference as Exhibit "C". Johnson received the right to sue letter on January 2, 2021. Plaintiff has filed his complaint within 90 days from the date he received his notice authorizing the right to bring this action.

## STATEMENT OF FACTS

7.      Plaintiff Johnson is a black male.

8.      Johnson began employment with Defendant on June 17, 2019, as a Configuration Manager.

9.      Johnson's immediate supervisor, Larry Lane ("Lane") (white male), Defendant's Lead System Analyst, would continuously make unwelcome comments about slavery, race, civil rights and black people in general.

10.     Jenny Miller ("Miller") (white female), Johnson's coworker also continuously said unwelcome comments about slavery, race, civil rights and black people in general.

11.     Lane and Miller would repeatedly play skits of Dave Chappelle and other comedians saying the "N-word" in the office.  In addition, Lane and Miller frequently used the "N-word" in the office.

12.     Lane and Miller felt no qualms about openly discussing Johnson's brown skin color in a disrespectful and disparaging fashion.   In so doing, Lane and Miller would also make generalized derogatory statements about Filipinos – for example, they continually joked that Filipinos were "the Mexicans of the Asian community."

13.     On October 16, 2019, Johnson had enough of the insulting and inappropriate comments, jokes and harassment from bother Lane and Miller.  He tried calling Adam Morrell, Defendant's Human Resources manager – and left a message.

14.     That same day, Johnson then attempted to broach the subject with Lane directly.  Johnson specifically asked Lane to stop all the inappropriate comments, jokes and harassment.  Lane said "If I offended you, I apologize."

15.     The very next day Lane again made more racial jokes and comments.

16.     Johnson immediately sent a formal complaint to Morrell regarding Lane and Miller's conduct.

17.     In response to Johnson's complaint, Morrell launched an investigation.  Lane admitted to Morrell that he had made the comments underlying Johnson's complaint.

18.     Morrell specifically told Johnson in an email on October 25, 2019: "I do find these conversations inappropriate in the workplace . . ." – referring to Lane and Miller's conversations.

19.     Morrell then asked Johnson if he could try working with Lane in the future. Morrell emphasized to Johnson that Lane said he was sorry for his comments and actions.

20.     Lane, however, never apologized to Johnson.

21. Following Morrell's investigation, Johnson received the cold shoulder from Lane, Miller and his other coworkers – all of which stopped communicating with Johnson. Additionally, Lane and Johnson's coworkers froze Johnson out of all forms of social activities – for example refusing to invite him to lunch outings on a near daily basis. Lane continued his inappropriate comments, jokes and harassment toward Johnson.

22. Shortly after Johnson's complaint to Morrell, Johnson walked by Lane and Miller talking in a hallway as he entered a nearby bathroom. As the bathroom door was closing, Johnson overheard one of Lane or Miller tell the other "You see, you can't trust those n*****s."

23. Johnson filed a charge of discrimination with the EEOC on November 12, 2019.

24. On November 21, 2019 Defendant's Director of Operations, Dan Crowl, informed Johnson he was fired. When asked why, Crowl told Johnson Lane felt threatened by Johnson's complaint to Human Resources.

## COUNT I
### Racial Discrimination in Violation of Title VII
(42 USC 2000e *et seq.*)

25. Plaintiff repeats and realleges each and every Paragraph of this Complaint as though fully set forth herein.

26. The Defendant's conduct as alleged at length herein constitutes discrimination based on race in violation of Title VII.

27. Defendant, through the actions of Lane and other members of management, discriminated against Plaintiff based on his race.

28. Defendant's conduct was intentional and its violations of federal law were willful.

29. As a direct and proximate result of Defendant's violation of Title VII based on Plaintiff's race, Plaintiff has suffered damages, including but not limited to loss of past and future income and fringe benefits, loss of professional reputation, mental anxiety and emotional distress.

30. Plaintiff is entitled to recover his reasonable attorney fees, costs and expert witness expenses pursuant to Title VII.

31. Due to the severity of Defendant's conduct, Plaintiff is also entitled to punitive damages.

## COUNT II
### Hostile Work Environment in Violation of Title VII
(42 USC 2000e *et seq.*)

32. Plaintiff repeats and realleges each and every Paragraph of this Complaint as though fully set forth herein.

33. Defendant has discriminated against Plaintiff by creating and maintaining a hostile work environment where an ongoing, severe or pervasive pattern of racial harassment persists in violation of Title VII, 42 U.S.C. § 2000e, et seq.

34. Defendant's creation and maintaining a hostile work environment altered the conditions of Johnson's employment.

35. Defendant's conduct has been intentional, deliberate, willful, wanton, malicious, reckless, and in conscious disregard of Plaintiff's rights.

36. As a direct and proximate result of the Defendant's conduct, Plaintiff has suffered monetary and non-monetary damages including loss of back pay, loss of front pay, emotional distress, reputational harm, embarrassment, humiliation and loss of enjoyment of life.

37. Plaintiff is entitled to recover his reasonable attorney fees, costs and expert witness expenses pursuant to Title VII.

## COUNT III
### Retaliation in Violation of Title VII
(42 USC 2000e *et seq.*)

38. Plaintiff repeats and realleges each and every Paragraph of this Complaint as though fully set forth herein.

39. Defendant adversely affected Plaintiff's employment assignments and opportunities as retaliation for Plaintiff's complaints of racial discrimination.

40. Defendants' conduct has been intentional, deliberate, willful, wanton, malicious, reckless, and in conscious disregard of Plaintiff's rights.

41. As a direct and proximate result of the Defendant's conduct, Plaintiff has suffered and continues to suffer economic and non-economic damages, including lost back pay, lost front pay, emotional distress, reputational harm, embarrassment, humiliation and loss of enjoyment of life.

42. Plaintiff is entitled to recover his reasonable attorney fees, costs and expert witness expenses.

43. Due to the severity of Defendant's conduct, Plaintiff is also entitled to punitive damages.

## COUNT IV
### Racial Discrimination in Violations of Section 1981
(42 U.S.C. § 1981)

44. Plaintiff respectfully incorporates by reference Paragraphs One through 23 as if set out in full herein.

45. Defendant intentionally discriminated against Plaintiff, who is black.

46. Defendant racially discriminated against Plaintiff in interfering with the wages, benefits, privileges, terms and conditions of the Plaintiff's employment relationship with Defendant.

47. Defendant racially discriminated against Plaintiff in that he was a member of a protected class, an adverse employment action occurred and similarly situated white coworkers of Plaintiff were treated differently.

48. As a result of the racial discrimination, Defendant deprived Plaintiff of constitutional and statutory rights motivated by racial considerations.

49. As a direct and proximate result of Defendant's conduct, Plaintiff suffered and continues to suffer loss of income, damage to career, loss of career opportunity, inconvenience, loss of enjoyment of life, severe emotional distress, anxiety, humiliation, embarrassment, damage to reputation, violations of his statutory rights and other consequential damages.

50. At all times material hereto, the Defendant's acts and omissions were done intentionally, willfully, with deliberate indifference, with reckless indifference and/or with malice toward the federal and statutory and common law rights of Plaintiff.

## JURY DEMAND

**Plaintiff demands a jury trial.**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Randy D. Johnson, prays for entry of judgment in favor of Plaintiff and against Defendant Southeastern Computer Consultants, Inc., in the form of the following relief:

a. Back Pay;

b. Front Pay;

c. Compensatory Damages;

d. Punitive Damages;

e. Attorneys' fees and court costs associated with this suit; and

f.      Other such relief as may be appropriate to effectuate the purpose of justice.

Date: March 30, 2021                Respectfully submitted,

                                        RANDY D. JOHNSON

                                        __/s/__Todd M. Gaynor_____
Todd M. Gaynor, Esquire
Virginia Bar No.: 47742
GAYNOR LAW CENTER, P.C.
440 Monticello Avenue, Suite 1800
Norfolk, Virginia 23510
PH: (757) 828-3739
FX: (75) 257-3674
EM: tgaynor@gaynorlawcenter.com
*Counsel for Plaintiff*